UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| J. MICHAEL SCHAEFER,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>NEVADA STATE BANK,<br><br>　　　　　　　　　Defendant. | Case No. 2:16-cv-01261-JCM-PAL<br><br>ORDER |

Presently before the court is plaintiff's motion for leave to file a second amended complaint (ECF No. 22) and defendant's motion to dismiss the first amended complaint (ECF No. 15). Prior to the response deadline, plaintiff filed a motion to extend time to respond to the motion to dismiss. (ECF No. 16). Without a favorable disposition on the motion to extend time, plaintiff filed a response to the motion to dismiss. (ECF No. 19). Defendant did not reply to the motion to extend time.[1] Defendant also objected to the second amended complaint, and plaintiff responded to that objection. (ECF Nos. 20, 21).

As an initial matter, plaintiff filed a second amended complaint (ECF No. 17) on August 3, 2016, without the leave of this court or, apparently, the defendant's consent. *See* (ECF No. 20). On September 9, 2016, plaintiff filed a motion for leave to file that second amended complaint. (ECF No. 22). That motion is utterly devoid of any explanation why a second amended complaint is necessary in this case or even how the proposed complaint is different than the first amended complaint. (*Id.*). In fact, it appears that plaintiff may have introduced the second complaint for the purpose of mooting the present motion to dismiss. *See* (ECF No. 19) (lacking any explanation as to why a second amended complaint was needed yet stating that its filing mooted the motion to

---

[1] For purposes of this order, this court assumes, without deciding, that plaintiff's motion to extend time to respond to defendant's motion to dismiss is meritorious. (ECF No. 16).

dismiss); *see also* (ECF Nos. 5, 7).

Therefore, this court cannot find that justice is advanced by plaintiff's filing of the second amended complaint and thus denies plaintiff's motion for leave to do so. *See* Fed. R. Civ. P. 15(a)(2); *see also* (ECF No. 22). As the first amended complaint is the operative complaint in this case, the court will accordingly consider defendant's related motion to dismiss. (ECF No. 15).

The first amended complaint incorporates the underlying state complaint by reference, which alleges claims regarding the parties' banking relationship.[2] (ECF No. 7). That complaint alleges the following causes of action against defendant: (1) breach of contract; (2) breach of implied covenant of good faith; (3) negligence; and (4) unfair business practices. (ECF No. 1-1).

Defendant's motion to dismiss argues that plaintiff, a disbarred attorney who has been designated a vexatious litigant, has filed five earlier suits against defendant for "the same basic complaint he raised in other suits; that [Nevada State Bank ('NSB')] is liable to him or his company because it chooses not to do business with either of them. NSB won all of the prior suits."[3] (ECF No. 15 at 3); *see also* (ECF No. 15-2); *see generally In re Discipline of Schaefer*, 31 P.3d 365 (Nev. 2001). Accordingly, defendant asserts, *inter alia*, the doctrine of *res judicata* and economic loss to bar or otherwise defeat plaintiff's claims. (ECF No. 15). However, the court need not discuss these arguments here.

The local rules have the force of law. *See United States v. Hvass*, 355 U.S. 570, 574–575 (1958). Under Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion . . . constitutes a consent to the granting of the motion." The Ninth Circuit instructs that a district court must weigh several factors before granting a motion filed pursuant to Federal Rule of Civil Procedure 12 because a party failed to comply with a local rule: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

---

[2] This case was removed to federal district court on June 7, 2016. (ECF No. 1).

[3] "[O]n a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 111 (1991). Moreover, plaintiff has provided Nevada district court documents regarding previous litigation between the parties. *See generally* (ECF No. 15).

cases o[n] their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)) (discussing a Nevada local rule construing a failure to oppose a motion as effectively consenting to the granting of that motion); *see also Martinez v. Stanford*, 323 F.3d 1178, 1183 (9th Cir. 2003) (indicating that *Ghazali* provides the applicable rule for evaluating a Rule 12 motion to dismiss in light of a local rule authorizing dismissal).

Plaintiff's brief response to defendant's motion to dismiss references only the unexplained and unauthorized filing of the second amended complaint; there is no citation to any legal authority, and plaintiff offers no substantive argument. *See* (ECF No. 19). Accordingly, plaintiff has failed to file points and authorities in response to defendant's motion. *See* LR 7-2(d).

Considering the *Ghazali* factors, this court finds that dismissal of this case: (1) would further the public's interest in the resolution of cases; (2) would aid the court's management of its docket; (3) would result in no prejudice to defendant; and (4) no less-drastic sanctions are available in light of the content of the motion to dismiss and its requested relief. *See* 46 F.3d at 53; *see also* (ECF No. 15). Moreover, the policy encouraging the consideration of cases on their merits does not overcome the countervailing factors. In light of this analysis and plaintiff's violation of Local Rule 7-2(d), defendant's motion to dismiss shall be granted. (ECF No. 15).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for leave to file a second amended complaint (ECF No. 22), be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion to dismiss (ECF No. 15) be, and the same hereby is, GRANTED, with prejudice.

IT IS FURTHER ORDERED that all remaining motions be, and the same hereby are, DENIED as moot.

The clerk shall enter judgment accordingly and close the case.

DATED THIS 23rd day of January, 2017.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE